IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00483-RM-KLM

BEAL BANK USA, a Nevada banking association,

    Plaintiff,

v.

DOUGLAS A. DRAGOO, individually and as Trustee of the Douglas A. Dragoo and Elizabeth J. Dragoo Family Trust (2004),
ELIZABETH J. DRAGOO, individually and as Trustee of the Douglas A. Dragoo and Elizabeth J. Dragoo Family Trust (2004),
THE DOUGLAS A. DRAGOO AND ELIZABETH J DRAGOO FAMILY TRUST (2004), and
THE AMENDED AND RESTATED DRAGOO FAMILY TRUST (2009),

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants' **Motion to Stay These Proceedings** [Docket No. 27; Filed March 26, 2013] (the "First Motion to Stay"); on Defendants' **Motion to Restrict Public Access to Complaint Pursuant to D.C.COLO.LCivR 7.2** [Docket No. 30; Filed March 26, 2013] (the "Motion to Restrict"); on Defendants' **Motion to Reschedule Scheduling Conference** [Docket No. 34; Filed April 11, 2013] (the "Motion to Reschedule"); and on Plaintiff's **Unopposed Motion for Stay Pending Consolidation** [Docket No. 38; Filed April 29, 2013] (the "Second Motion to Stay").

    On April 29, 2013, Plaintiff filed a Notice of Filing of Unopposed Motion to Consolidate Civil Action Nos. 13-cv-00482-MSK-KLM and 13-cv-00483-PAB-KLM [#39]. The Motion to Consolidate was filed in Civil Action No. 13-cv-00482. On May 1, 2013, both Civil Action Nos. 13-cv-00482 and 13-cv-00483 were reassigned to District Judge Raymond P. Moore, upon his appointment to the bench. As part of the pending Motion to Consolidate filed in Civil Action No. 13-cv-00482, Plaintiff is seeking leave to file one Consolidated Amended Complaint.

    In accordance with D.C.COLO.LCivR 7.2C., the Motion to Restrict [#30] was publicly posted to allow for any objections to the sealing of the documents. No timely objections were filed. Pursuant to D.C.COLO.LCivR 7.2, the Court finds that the presumption of public

access to Court files is outweighed by the parties' interest in privacy, and the parties have shown that a less restrictive alternative is not practicable. Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Restrict [#30] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Clerk of the Court is directed to maintain the following documents **UNDER RESTRICTION** at **LEVEL 1**:[1] Plaintiff's Complaint [#1] and attached Exhibits [#1-1, #1-2, #1-3].

In the Second Motion to Stay, Plaintiff asserts that, if the Motion to Consolidate is granted, it will file a Consolidated Amended Complaint governing both cases, that the stay will enable Defendants to prepare a single responsive pleading instead of two, and that a brief stay will promote the efficiency of both Civil Action Nos. 13-cv-00482 and 13-cv-00483. In light of these considerations,

IT IS FURTHER **ORDERED** that the Unopposed Second Motion to Stay [#38] is **GRANTED**. Accordingly,

IT IS FURTHER **ORDERED** that this matter is **STAYED** pending the District Judge's determination of the Motion to Consolidate in Civil Action No. 13-cv-00482.

IT IS FURTHER **ORDERED** that the First Motion to Stay [#27] is **DENIED as moot**.

IT IS FURTHER **ORDERED** that the Motion to Reschedule [#34] is **GRANTED in part**. The Scheduling Conference set for June 27, 2013 at 11:00 a.m. is **VACATED**. It shall be reset after the District Judge's determination of the Motion to Consolidate in Civil Action No. 13-cv-00482.

Dated: June 3, 2013

---

[1] Level 1, the least restrictive, limits access to the documents to the parties and the Court. See D.C.COLO.LCivR 7.2.